UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD,

    Plaintiff,

v.                                                    Case No: 8:19-cv-2044-T-36AEP

BMP INTERNATIONAL, INC., BMP
USA, INC. and IGAS USA, INC.,

    Defendants.
_____/

**DEFENDANT, IGAS USA, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, IGAS USA, INC. (hereinafter referred to as "IGAS USA"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses, and states as follows:

**NATURE OF THE ACTION**

1.     Denied.

2.     Denied as to IGAS USA; without knowledge as to the other Defendants.

    a.     Without knowledge as to Defendant, BMP INTERNATIONAL, INC.'s invoices set out in Composite Exhibit "A"; therefore denied.

    b.     Without knowledge as to Defendant, BMP USA, Inc.'s invoices set out in Composite Exhibit "B"; therefore denied.

    c.     Denied, including that none of the invoices set out in composite Exhibit "C" were signed, accepted, or agreed to, including that such invoices lack any signature acknowledgement as to the terms set out therein.

3.     Denied as it pertains to IGAS USA; otherwise without knowledge.

## THE PARTIES

4. Without knowledge; otherwise denied.

5. Without knowledge; therefore denied.

6. Without knowledge; therefore denied.

7. Admitted for jurisdictional purposes; otherwise denied.

## JURISDICTION AND VENUE

8. Admitted for jurisdictional purposes; otherwise denied.

9. Without knowledge; therefore denied.

10. Without knowledge; therefore denied.

11. Admitted for jurisdictional purposes; otherwise denied.

12. Admitted for jurisdictional purposes; otherwise denied.

## FACTUAL ALLEGATIONS

13. Admitted that the Plaintiff is in the business of selling refrigerants and related products; otherwise denied.

14. Admitted that IGAS USA is a wholesaler of refrigerant and related products; otherwise denied.

15. Denied.

16. Without knowledge; therefore denied.

17. Without knowledge; therefore denied.

18. Without knowledge; therefore denied.

19. Without knowledge; therefore denied.

20. Without knowledge; therefore denied.

21. Without knowledge; therefore denied.

22. Denied.

23. Denied.

24. Without knowledge; therefore denied.

25. Without knowledge; therefore denied.

26. Without knowledge as to LM Supply, Inc.; otherwise denied.

27. Without knowledge as to LM Supply, Inc.; otherwise denied.

28. Without knowledge as to LM Supply, Inc.; otherwise denied.

29. Without knowledge as to "R Lines"; otherwise denied.

30. Denied; without knowledge as to "R Lines", therefore denied.

31. Without knowledge; therefore denied.

32. Denied; without knowledge as to "Assured Comfort AC, Inc.", therefore denied.

33. Denied; without knowledge as to "Assured Comfort AC, Inc.", therefore denied.

34. Denied; without knowledge as to "Assured Comfort AC, Inc." and Defendant, BMP INTERNATIONAL, INC., therefore denied, including as to all subparts.

35. Denied; without knowledge as to Defendant, BMP INTERNATIONAL, INC., and "Assured Comfort AC, Inc.", therefore denied, including as to all subparts.

36. Denied; without knowledge as to "R Lines", "Coolmaster USA, Inc." and Defendant, BMP USA, INC., therefore denied.

37. Denied; without knowledge as to "Coolmaster USA, Inc."; therefore denied.

38. Denied; without knowledge as to "Coolmaster USA, Inc.", Defendant, BMP INTERNATIONAL, INC., and undisclosed "other Meng-controlled companies," therefore denied.

39. Denied; without knowledge as to "Materiales Electricos de Const. y Refrig.,

S.A.", "Lenz Sales & Distribution, Inc.", and "Puremann, Inc.", therefore denied.

    40.    Denied except as to shipping of refrigerants and related products to IGAS USA.

    41.    Denied.

    42.    Without knowledge; therefore denied.

    43.    Denied.

    44.    Admitted that a business relationship existed with IGAS USA; otherwise denied, including as to all subparts.

    45.    Denied.

    46.    Admitted that IGAS USA made payments; otherwise denied.

    47.    Denied.

    48.    Without knowledge; therefore denied.

    49.    Denied; without knowledge as to the other Defendants.

    50.    Admitted that IGAS USA no longer does business with the Plaintiff; otherwise denied.

    51.    Denied.

    52.    Without knowledge; therefore denied.

    53.    Denied, including that there were numerous email communications and other communications with the Plaintiff regarding to the alleged outstanding balance claimed against IGAS USA.

    54.    Denied, including that there were numerous email communications and other communications with the Plaintiff regarding to the alleged outstanding balance claimed against IGAS USA.

    55.    Admitted that a meeting occurred; otherwise denied.

56. Denied, including that there were numerous email communications and other communications with the Plaintiff regarding to the alleged outstanding balance claimed against IGAS USA.

57. Denied as to IGAS USA; without knowledge as to the other Defendants, therefore denied.

58. Denied as to IGAS USA; without knowledge as to the other Defendants, therefore denied.

59. Without knowledge; therefore denied.

60. Denied, including that IGAS USA disputed and never agreed to the amounts stated on the alleged invoices as such information was provided thereon simply for purposes of customs and transportation paperwork.

### COUNT I – Breach of Contract by BMP International

61.-69. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT II – Breach of Contract by BMP USA

70.-78. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT III – Breach of Contract by iGas USA

79. IGAS USA realleges and incorporates by reference its answers to the allegations contained in paragraphs 1 through 60, the same as if repeated verbatim herein.

80. Denied, including that no contract was enter into because if it was then it would be either attached to the operative pleading or substantially set out in great detail if oral, which not undertaken by the Plaintiff.

81. Denied.

82. Denied, including that IGAS USA disputed and never agreed to the amounts stated on the alleged invoices as such information was provided thereon simply for purposes of customs and transportation paperwork.

83. Denied, as the parties' course of dealings was directly in opposite to any terms on the invoices themselves.

84. Denied, including that IGAS USA disputed and never agreed to the amounts stated on the alleged invoices as such information was provided thereon simply for purposes of customs and transportation paperwork.

85. Denied.

86. Denied, including that there was never a contract between these parties.

87. Denied.

### COUNT IV – Unjust Enrichment by BMP International

88.-92. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT V – Unjust Enrichment by BMP USA

93.-103. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT XII – Unjust Enrichment by iGas USA

104. IGAS USA realleges and incorporates by reference its answers to the allegations contained in paragraphs 1 through 60, the same as if repeated verbatim herein.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

### COUNT VII – Account Stated by BMP International

109.-119. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT VIII – Account Stated as to BMP USA

120.-130. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT IX – Account Stated as to iGas USA

131. IGAS USA realleges and incorporates by reference its answers to the allegations contained in paragraphs 1 through 60, the same as if repeated verbatim herein.

132. Admitted.

133. Admitted that invoices were issued; denied as to the terms, rates, and pricing thereon as set out on composite Exhibit "C" as same was rejected by IGAS USA.

134. Admitted that there are invoices outstanding; denied as to the amount claimed in this proceeding.

135. Denied.

136. Denied, including that such amounts were subsequently expressly objected to on numerous occasions via communications received and responded to by the Plaintiff's representatives.

137. Denied, including that some of the information was not in English.

138. Denied.

139. Denied, including that such amounts were expressly objected to on numerous

occasions via communications received and responded to by the Plaintiff's representatives, who acknowledged same.

140. Denied.

141. Denied.

### COUNT X – Open Account by BMP International

142.-150. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT VIII – Open Account as to BMP USA

151.-161. No response is required for these paragraphs as the claim is not against IGAS USA.

### COUNT XII – Open Account as to iGas USA

162. IGAS USA realleges and incorporates by reference its answers to the allegations contained in paragraphs 1 through 60, the same as if repeated verbatim herein.

163. Admitted.

164. Denied.

165. Denied.

166. Admitted that payments were made; otherwise denied.

167. Denied.

168. Denied.

169. Exhibit "E" speaks for itself; otherwise denied.

170. Denied, including that Exhibit "E" appears to be a compilation of several customers of the Plaintiff.

## AFFIRMATIVE DEFENSES

As separate defenses, IGAS USA alleges as follows:

### First Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint as to Count I since the Plaintiff has failed to state a claim upon which relief can be granted. Count I of the Plaintiff's Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against IGAS USA for which relief can be granted, including the date of the alleged contract, dates and amounts of alleged charges, fees or other debts incurred under the contract, and the date of the alleged payment default.

### Second Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint since the Plaintiff has the burden of proof to show all elements of account stated, including rendition, mutual agreement of the balance, and the existence of prior transactions or creditor-debtor relationship between the parties. No statement of the account is attached to the Complaint. A copy of the account showing items, time of accrual of each, and amount of each must be attached. *See H & H Design Builders v. Travelers' Indemnity Company*, 639 So.2d 697 (Fla. 3d DCA 1984) ("to state a valid claim on open account, claimant must attached 'itemized' copy of account.").

    a.    The Plaintiff has failed to attach a copy of the account showing items, time of accrual of each, and amount of each.
    b.    The Plaintiff has failed to show that there was a mutual agreement of the alleged balance. *See Dionne v. Columbus Mills, Inc.*, 311 So.2d 681 (Fla. 2d DCA 1975) ("Complaint failed to state cause of action for "Account Stated" where allegations therein did not show existence of a mutual agreement.").

      c.      The Plaintiff has failed to show existence of prior transactions or creditor-debtor relationship between the parties.  *See South Motor Co. of Dade County v. Accountable Const. Co*., 707 So.2d 909 (Fla. App. 3d DCA 1998) ("Account stated claim involves agreement between persons who have had previous transactions, fixing amount due in respect to such transactions and promising payment.").

### Third Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint since the Plaintiff has failed to attach an application, request or agreement that bears the signature of the IGAS USA wherein it agreed to pay the original creditor.  *See Recreation Corp. of America v. Jack Drury & Associates, Inc.*, 235 So.2d 49 (Fla. 4th DCA 1970) ("There can be no liability on an account stated if there has been no mutual agreement, and mere presentation of a claim and its retention without objection does not of itself create a liability.")

### Fourth Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint since an accurate balance of the alleged account cannot be determined as the Plaintiff has not provided a bona fide accounting of the alleged original debt from the date of issuance, $0 account balance, to date of alleged default.  *See Nicolaysen v. Flato*, 204 So.2d 547, (Fla. 4th DCA 1967), *certiorari denied* ("Basic premise of an account stated action, which presupposes some indebtedness, is that the statement fixing the various sums that constitute the debt is correct and not the existence of the debt itself").

### Fifth Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint

since the Claimant has not proven that the Plaintiff is the real party in interest. IGAS USA demands proof of ownership specifically that the alleged account is still the legal property of the Plaintiff with all of the original creditor's rights and privileges intact.

### Six Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint since the Plaintiff has not provided a sworn statement testifying to the accuracy or validity of their recollection of the alleged account.

### Seventh Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that the Plaintiff's prior breaches have excused any performance by IGAS USA as to the claims asserted in this action.

### Eighth Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint, IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in Complaint since Plaintiff's purported exhibit for "Account Statement" fails to meet the definition of a written instrument under Florida Law. The purported "Account Statement" exhibit is an anonymous account disclosure document which cannot be connected to the alleged account since there is no evidence as to when alleged account was opened or the other activity thereon. It clearly has no probative value as to the liability of any party and controverts on its face any allegation of its relevancy to the alleged account.

### Ninth Affirmative Defense

Without otherwise admitting the validity of the allegations set forth in the Complaint,

IGAS USA states that Plaintiff is not entitled to obtain any of the relief requested in its equitable claim for unjust enrichment in that the Plaintiff has unclean hands relative to the performance of the transactions at issue and the amounts sought in this proceeding as its prior, inconsistent assertions are in opposite as to what is being sought in this proceeding.

WHEREFORE, Plaintiff, T.T. INTERNATIONAL CO., LTD, should take nothing by this action and go hence without day; and Defendant, IGAS USA, INC., should be awarded its costs and attorney's fees, and such other and further relief as the court deems necessary and just.

/s/ Eric W. Neilsen
Eric W. Neilsen, Esquire
FBN: 476757
**NEILSEN LAW GROUP, P.A.**
100 2nd Avenue N., Suite 240
St. Petersburg, FL 33701
Phone: (727) 350-3240
Facsimile: (727) 499-7166
Email: eneilsen@neilsenlawgroup.com
Counsel for Defendants, BMP INTERNATIONAL, INC., BMP USA, INC., and IGAS USA, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2019, a true and correct copy of the above and foregoing was filed via CM/EMF, which will provide service to: Mark G. Trigg, Esq. and Roy Xiao, Esq, Dentons US LLP, 303 Peachtree Street, NE, Ste. 5300, Atlanta, GA 30308 (mark.trigg@dentons.com; roy.xiao@dentons.com) and Ryan Thomas Hopper, Esq. and David Barnett Weinstein, Esq., Greenberg Traurig, P.A., 101 E Kennedy Blvd., Ste. 1900, Tampa, FL 33602-5148 (hopperr@gtlaw.com; WeinsteinD@GTlaw.com) *counsel for Plaintiff.*

/s/ Eric W. Neilsen
Eric W. Neilsen, Esquire
FBN: 476757
**NEILSEN LAW GROUP, P.A.**
100 2nd Avenue N., Suite 240
St. Petersburg, FL 33701
Phone: (727) 350-3240
Facsimile: (727) 499-7166
Email: eneilsen@neilsenlawgroup.com
Counsel for Defendants, BMP INTERNATIONAL, INC., BMP USA, INC., and IGAS USA, INC.

E:\TT International v iGAS USA\iGAS USA -- Answer and Affirmative Defenses.doc