UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD,

    Plaintiff,

v.                                                    Case No. 8:19-cv-2044-T-36AEP

BMP INTERNATIONAL., INC., BMP
USA, INC. and IGAS USA, INC.,

    Defendants.
_____/

# ORDER

This cause is before the Court on Plaintiff's Motion to Compel. (Doc. 118). Plaintiff filed the instant Motion after the Court ordered Defendants to produce a summary ledger reflective of transactions between Defendants and any records of payment correlating to that summary ledger. (Doc. 110). Plaintiff moves for sanctions against Defendants under Federal Rule of Civil Procedure 37 for Defendants' failure to comply with the Court's previous discovery order by producing incomplete documents and compelling Defendants to supplement their production. (Doc. 118).

    **I.**    **Background**

On August 20, 2021, the Court conducted a hearing on Plaintiff's previous motion to compel sales records. (Doc. 94). The Court granted in part the motion, ordering Defendants to produce a summary ledger reflective of transactions between

Defendants, and any records of payments correlating to that summary ledger within ten days of the hearing.[1] (Doc. 110).

On August 27, 2021, Defendants produced a four-page PDF document containing the summary ledger. (Doc. 118-1). The first two pages of the production was a printout of Defendant BMP USA's "General Journal Transaction." (*Id.*). Less than ten minutes later, Plaintiff's counsel contacted Defendants' counsel requesting a complete version of the document because some of the information under the "Num," "Memo," and "Account," columns was missing. (Doc. 118-2, p. 3). Defendants' counsel's paralegal responded that there was no better copy and "[w]e cannot produce what does not exist." (*Id.*). Plaintiff's counsel once again inquired as to whether there was information missing under the "Num," "Memo," and "Account," columns of the document because the use of ellipses suggested there were omissions not shown in the document. (*Id.* at 2). Plaintiff requested that if more information existed beyond what appeared truncated in the columns, Defendants should provide a complete version of the first two pages of the production. (*Id.*). Plaintiff also sent Defendants instructions on how to expand QuickBooks columns before printing. (*Id.*). Defendants' counsel responded "That is the complete document. Move to compel. I cannot produce what does not exist." (*Id.*). This exchange all occurred within approximately an hour after the document was produced to Plaintiff. (*See* Doc. 118-2).

---

[1] The Court denied Plaintiff's request for previous tax returns. (Doc. 110).

Before filing the instant Motion, Plaintiff sought clarification from Defendants' regarding whether it was Defendants' position that that were no additional letters or words following the ellipses in the entries located in Defendants' QuickBooks. (*Id.* at 1-2). Defendants' counsel responded that Defendants had already stated their position. (*Id.*).

On September 13, 2021, Plaintiff filed the instant Motion. (Doc. 118). On September 30, 2021, Defendants reprinted the general ledger in landscape form. (Doc. 126, p. 2-3). The new printout contained an expanded view of the previously truncated columns. (*See* Doc. 126-2, p. 2). On October 4, 2021, Defendants filed the response to the instant Motion, attaching the ledger in landscape form as an exhibit. (*Id.*). Subsequently, Defendants filed a declaration from Defendants' VP of Human Resources who declared that she produced the original ledger that was created on June 15, 2020, with an effective date of June 1, 2020, and then a corrected version that she created on June 24, 2020. (Doc. 129-1, ¶¶ 6-9). She also stated that the ledgers were prepared and printed on June 15 and June 24 respectively. (*Id.*). The declarant also stated that Defendants' counsel later asked her to reprint the ledger in landscape form. (*Id.* at ¶ 10). Because she corrected the ledger that was originally created on June 15, she was only able to reprint in landscape form the ledger she corrected on June 24. (*Id.* at ¶ 11-12).

On October 13, 2021, the Court conducted a hearing on the instant Motion. (Doc. 130). At the hearing, Plaintiff argued for sanctions against Defendants for failure to produce a complete copy of the summary ledger. Plaintiff also argued that

3

Defendants failed to provide clarification regarding the payment history associated with the ledger.

## II. Discussion

Federal Rule of Civil Procedure 37(b) provides that a party who violates a discovery order may be sanctioned in various ways, including being found liable for reasonable expenses. Attorney's fees may be awarded against "the disobedient party, the attorney advising the party, or both ... unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. Pro. 37(b)(2)(C); *Weaver v. Lexington Ins. Co.*, 2007 WL 1288759, *2 (M.D. Fla. May 2, 2007) (citation omitted) (stating that non-complying party has the burden of showing that noncompliance is substantially justified or harmless).

Considering Plaintiff's counsel's attempts to meaningfully confer with Defendants' counsel in an attempt to understand whether more details existed within the truncated columns, Defendants failed to either appropriately respond to Plaintiff's request or set forth a good faith basis for opposing Plaintiff's motion to compel. It is clear by Defendants' supplemental production of the document in question that it was possible to reprint the report in a format where the column's content that was originally truncated was visible in a landscape form. However, it is unclear why Defendants waited until the filing of their response, more than a month after Plaintiff originally requested the document in landscape form, and four days after acquiring the reprinted document in landscape form, to produce the reprinted document to Plaintiff. Thus, the Court finds that Defendants' failure to either appropriately respond to Plaintiff's

4

request or to provide a good faith basis for opposing the discovery is not substantially justified, and thus attorney's fees are due to be awarded to Plaintiff for the preparation of the instant Motion.[2] *See Lineworks Eng'g, LLC v. Aerial Surveying, Inc.*, No. 2:14-CV-02018-HGD, 2016 WL 11622151, at *4 (N.D. Ala. Oct. 21, 2016) (awarding attorney's fees against the plaintiff and its counsel for Defendant's preparation of a motion to compel and a motion for sanction).

For the reasons stated on the record at the hearing, it is hereby ORDERED:

1. Plaintiff's Motion to Compel, (Doc. 118), is GRANTED.
2. Defendants shall supplement their production of the summary ledger with further expanded fields so as to not include any ellipses. If the columns cannot be further expanded, Defendants shall provide a declaration attesting to the same and providing any information belonging in the fields that may be available through live data.
3. Defendants shall provide a supplemental declaration regarding the status of payment transactions correlating to the ledger entries.
4. Defendants shall provide the aforementioned within ten days of the date of the hearing, on or before October 23, 2021.

---

[2] At the evidentiary hearing, Plaintiff raised issues regarding Defendants' supplemental discovery production that had not been addressed in the instant Motion. The hearing was necessary to address matters concerning payment transactions correlating to the ledger. Therefore, the Court's award is limited to only the costs associated with preparing the instant Motion (Doc. 118).

5. Attorney's fees are awarded in favor of Plaintiff for preparing the instant Motion. The Parties are directed to meet and confer in an effort to resolve the amount of the fee award.  If the Parties are unable to resolve the issue, the Court will determine the amount of fees to be awarded at a later date upon the filing of a motion by Plaintiff.

DONE AND ORDERED in Tampa, Florida, on this 15th day of October, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge


cc:  Counsel of Record