# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD,

    Plaintiff,

v.                                              Case No: 8:19-cv-2044-CEH-AEP

BMP INTERNATIONAL, INC. and
BMP USA, INC.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff T.T. International's Motion *in Limine* to Exclude Testimony and Evidence Concerning Settlement Discussions (Doc. 135) and Motion *in Limine* to Exclude Testimony and Evidence Concerning an Alleged Oral Side Deal (Doc. 169). Defendants filed responses in opposition. Docs. 137, 174. A hearing on the motions was held on August 19, 2022. In the first motion, Plaintiff seeks to preclude introduction of evidence or testimony of settlement discussions, including the parties' efforts to resolve their dispute following the meeting in Shaghai in July 2018. In the second motion, Plaintiff requests that the Court preclude Defendants from introducing any testimony or evidence related to the claimed "oral side deal" on the basis that the evidence is inadmissible because it is contrary to Florida's Statute of Frauds. The Court, having considered the motions and being fully advised in the premises, will deny the motions without prejudice.

## DISCUSSION

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial*." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Luce*, 469 U.S. at 41).

The rationale underlying pre-trial motions *in limine* is inapplicable in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence. *Singh v. Caribbean Airlines Ltd.*, No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014). Indeed, the more prudent course of action in a bench trial is often to resolve evidentiary doubts in favor of admissibility. *Id.* (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2411 (3d ed. 2008); *see also Chase Manhattan Bank v. First Marion Bank*, 437 F.2d 1040, 1049 n. 6 (5th Cir. 1971)[1] ("In this non-jury action, the District Judge correctly allowed Chase to proffer evidence before ruling as to admissibility."). When an action proceeds

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

as a bench trial, the pretrial consideration of such motions "weighs heavily in favor of denying the motions *in limine* and addressing the issues if and when they come up at trial." *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009).

In the motion to exclude evidence and testimony concerning an alleged oral side deal (Doc. 169), Plaintiff argues that such evidence is inadmissible because it is contrary to Florida's statute of frauds, which precludes introduction of evidence that contradicts a final written expression of the parties' agreement. *See* § 672.202, Fla. Stat. Plaintiff contends that any testimony regarding an oral side deal conflicts with the Commercial Invoices, and therefore cannot be considered. Additionally, Plaintiff argues that the purported side deal is unenforceable in any event because it would be an oral agreement for the sale of goods for more than $500, which must be in writing. *See* § 672.201, Fla. Stat.

In response, Defendants argue that the UCC savings provision may apply to the "oral side deal." Doc. 174. Additionally, Defendants contend the evidence of the "oral side deal" is probative of whether the commercial invoices are enforceable contracts in the first instance, is relevant to the state of mind or knowledge of the parties in their business dealings, and offers insight into the parties' business relationship. Given Defendants' response, the Court cannot say at this juncture that the evidence is wholly inadmissible on all potential grounds.

In Plaintiff's motion to exclude evidence of settlement discussions (Doc. 135), Plaintiff argues such evidence is inadmissible under Federal Rule of Evidence 408,

3

which precludes the introduction of evidence of statements made in compromise negotiations. Defendants respond that such a "compromise" only happens where there is an actual dispute. Defendants contend that, at the time, there was no dispute, but rather the reconciliation performed by Ruby Zhang was undertaken because the parties did not know what was owed. Doc. 137 at 2–3. And that once the reconciliation was done, there was no dispute by the BMP entities that they would pay the amount Ruby Zhang had calculated. Thus, Defendants argue that Ruby Zhang's emails were an "accounting," not a "settlement communication." Again, the Court cannot say based on these disputed facts that the evidence is clearly inadmissible on all potential grounds.

At a bench trial, the Court, as fact finder, is capable of disregarding inadmissible evidence and testimony and relying only upon competent evidence. For this reason and those stated at the hearing, the Court will deny, without prejudice, Plaintiff's motions to exclude evidence or testimony related to the oral side deal and settlement discussions. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff T.T.'s Motion *in Limine* to Exclude Testimony and Evidence Concerning Settlement Discussions (Doc. 135) is **DENIED, without prejudice**.

2. Plaintiff T.T.'s Motion *in Limine* to Exclude Testimony and Evidence Concerning an Alleged Oral Side Deal (Doc. 169) is **DENIED, without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on August 25, 2022.

_____
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any