# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD,

    Plaintiff,

v.                                                   Case No: 8:19-cv-2044-CEH-AEP

BMP INTERNATIONAL, INC. and
BMP USA, INC.,

    Defendants.
_____

## ORDER

This matter is before the Court on the Plaintiff's Notice of Filing Prejudgment Interest Owed by Defendants (Doc. 216), Defendants' Amended Response to Plaintiff's Notice (Doc. 219), and Plaintiff's reply (Doc. 222). Upon careful consideration, the Court will assess prejudgment interest from the date of filing the Complaint and direct the entry of Judgment accordingly.

## DISCUSSION

A bench trial of this action was conducted August 29 through September 2, 2022. On February 3, 2023, the Court entered its Opinion and Order finding in favor of Plaintiff, T.T. International Co., Ltd., and against Defendants, BMP International, Inc. and BMP USA, Inc. on Plaintiff's unjust enrichment claims. Doc. 214. The Court awarded damages against BMP Int'l in the amount of $14,725,857.40, plus prejudgment interest, and damages against BMP USA in the amount of $59,488,330.50, plus prejudgment interest. *Id.* at 51. Because the prejudgment interest

calculations were not broken down by Defendant, the Court requested supplemental filings regarding the prejudgment interest calculations after conferral by the parties. On February 10, 2023, Plaintiff filed a supplemental notice that identified the total amount of prejudgment interest owed by each Defendant based on the principal amounts set forth in the Order. Doc. 216.

Plaintiff's Notice of prejudgment calculations indicated that the prejudgment interest to be assessed against BMP Int'l is $4,296,823.43, and the prejudgment interest to be assessed against BMP USA is $16,232,016.58.[1] Doc. 216-1. Additionally, Plaintiff calculated the per diem interest owed to BMP Int'l to be $2,227.03 and to BMP USA is $8,996.59. *Id.* According to the Notice, Defendants opposed the amounts of prejudgment interest. Because the basis of Defendants' objections was unclear, the Court directed Defendants to file a response to Plaintiff's Notice. Doc. 217.

On February 17, 2023, Defendants filed an Amended Response to Plaintiff's Notice. In response, Defendants argue that prejudgment interest should be calculated from the date the Complaint is filed and not the date of each invoice. Doc. 219. Defendants proposed their calculations based on prejudgment interest starting as of the date the Complaint was filed. Defendants argue this is the proper date because the invoices were not demands for payment and the filing of the Complaint is a reasonable date to use because it provides the first clear notice of demand for payment. Of note, Defendants' per diem calculation is virtually the same as Plaintiff's with per diem

---

[1] These figures were calculated through February 3, 2023. *See* Doc. 216-1.

2

prejudgment interest to be assessed against BMP Int'l being $2,227.04, and per diem prejudgment interest against BMP USA being $8,996.60. Doc. 219 at 4.

In reply, Plaintiff argues first that Defendants never challenged the prejudgment interest calculations during the trial. Doc. 222. Second, Plaintiff contends that given Defendants' lack of opposition, the Court accepted Mr. Murphy's calculations. Third, Plaintiff points out that Defendants' argument is based on an incorrect assumption that Murphy calculated the prejudgment interest from the date of the invoice when, in fact, Murphy testified in his deposition that he used 60 days after each 7501 Form as the starting date to calculate prejudgment interest. Doc. 222 at 2.

Addressing the third issue first that Mr. Murphy used the date of the invoices as the starting point for his calculations, the Court recognizes that, to the extent Defendants suggest this, the proposition is factually flawed.[2] On the second argument, although the Court accepted Mr. Murphy's calculations in its Opinion and Order, it did not completely accept that the prejudgment interest was to be calculated based on 60 days from the bill of lading or 7501 form date as the Plaintiff did not prevail on its breach of contract claims.[3] As acknowledged by Plaintiff's offer to file a copy of the

---

[2] The Court notes, however, that in discussing the appropriate rate to be used for prejudgment interest purposes, Mr. Murphy testified that he looked at the rates "since each of these invoices had been issued." Doc. 202 at 89, lns. 13–21. He did not testify, nor was there evidence, that he used the date of the invoice for the starting date of the prejudgment interest calculation, but given this testimony, it is not surprising that Defendants argue such.

[3] At trial, Mr. Murphy testified the prejudgment interest was calculated on the "contract claims." Doc. 202 at 89, lns. 22–24. When testifying about his calculations for the unjust enrichment claims, Mr. Murphy testified he used the same numbers contained in the commercial invoices, but he did not otherwise testify regarding prejudgment interest on the unjust enrichment claims. *See* Doc. 202 at 96–97.

Murphy deposition transcript in the record (Doc. 222 at 2 n.1), Murphy's testimony regarding the 60-day starting point was not adduced at trial, nor was it argued in Plaintiff's Proposed Findings of Fact and Conclusions of Law. On the first point, the Court agrees that Defendants did not challenge the prejudgment interest calculations. However, as indicated in the Court's Opinion and Order, the information before the Court was inadequate for the Court to determine the prejudgment interest award to be assessed against each Defendant in the first instance. Rather than denying Plaintiff prejudgment interest, the Court permitted supplemental briefing.

Now, upon consideration of the parties' supplemental briefing, the Court finds that prejudgment interest on the unjust enrichment damages awarded should be calculated from the date the Complaint was filed. "A trial court's decision to refuse or reduce prejudgment interest in weighing the equities is reviewed for abuse of discretion." *Wiand v. Lee*, 753 F.3d 1194, 1204 (11th Cir. 2014) (citing *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1298 (11th Cir. 2002)). The law regarding an award of prejudgment interest is not absolute and may depend on equitable considerations. *Broward Cty. v. Finlayson*, 555 So. 2d 1211, 1213 (Fla. 1990).

The Eleventh Circuit has considered three factors that should guide a court's discretion in deciding whether to award prejudgment interest on equitable grounds.

> Those factors are (1) in matters concerning government entities, whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims; (2) whether it is equitable to allow an award of prejudgment interest when the delay between injury and judgment is the fault of the prevailing party; (3) whether it is equitable to award prejudgment interest to a party who

4

> could have, but failed to, mitigate its damages. *Blasland* [*v. City of North Miami*, 283 F.3d 1286, 1297 (11th Cir. 2002)]. Upon a consideration of these factors, a district court may decide not to award prejudgment interest or to reduce the amount of interest. *Id.* at 1298 (citing *Finlayson*, 555 So. 2d at 1213–14 (restricting on equitable grounds accrual of prejudgment interest to the date of demand of a back pay award rather than the date the back pay accrued)).

*Wiand*, 753 F.3d at 1204 (citing Florida law).

Here, Plaintiff prevailed on its unjust enrichment claims and the Court has found that prejudgment interest is appropriately awarded. Doc. 214. However, Plaintiff did not prevail on its breach of contract claims. Indeed, the Court determined there was no meeting of the minds as to the terms of a contract, and thus Plaintiff's breach of contract claims failed. Specifically, it was determined there was no meeting of the minds as to the price to be paid by Defendants because the credible evidence supported that the Plaintiff and Defendants were operating under some type of shared profits relationship or loose joint venture agreement, and the ultimate amounts that Defendants were expected to pay for the goods was unknown at the time the goods reached the United States. It was apparent the parties were waiting to see what the goods could be sold for in the United States. Thereafter, there were multiple efforts by the parties to reconcile what was that amount. At the latest, it was clear that a demand for payment for the full amount of the invoices was made by the filing of the Complaint. To calculate prejudgment interest based on sixty days from the bill of lading date, the invoices or the 7501 Forms would be to accept that the invoices were enforceable contracts between the parties, which the Court declined to find on the facts

of this case. Thus, on equitable grounds, the Court finds the date of filing of the Complaint is the appropriate triggering date for prejudgment interest.

Accordingly, the Court will direct judgment to be entered in favor of Plaintiff with prejudgment interest being awarded from the date of the filing of the Complaint on August 16, 2019. It is hereby

**ORDERED AND ADJUDGED**:

1. The Clerk is directed to enter Judgment in favor of Plaintiff, T.T. International Co., Ltd., and against Defendant, BMP International, Inc., in the amount of **$17,616,549.74**.[4]

2. The Clerk is directed to enter Judgment in favor of Plaintiff, T.T. International Co., Ltd., and against Defendant, BMP USA, Inc., in the amount of **$71,165,915.64**.[5]

3. Further, the Clerk is directed to CLOSE this case.

**DONE** and **ORDERED** in Tampa, Florida on March 6, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

[4] $14,725,857.40 (principal) + $2,821,654.10 (prejudgment interest from Aug. 16, 2019, through Feb. 3, 2023) + $69,038.24 (additional 31 days of interest through March 6, 2023 based on per diem rate of $2227.04) = $17,616,549.74.

[5] $59,488,330.50 (principal) + $11,398,690.54 (prejudgment interest from Aug. 16, 2019, through Feb. 3, 2023) + $278,894.60 (additional 31 days of interest through March 6, 2023 based on per diem rate of $8996.60) = $71,165,915.64.