UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD,

    Plaintiff,

v.                                                                                          Case No: 8:19-cv-2044-CEH-AEP

BMP INTERNATIONAL, INC. and
BMP USA, INC.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Defendants' 59(e) Amended[1] Motion to Vacate, Alter, or Amend Judgment (Doc. 228). In the motion, Defendants BMP International, Inc. and BMP USA, Inc. (collectively Defendants or BMP) request the Court vacate, alter, or amend its Opinion and Order entered on February 3, 2023, and the Judgments entered on March 6, 2023, in Plaintiff T.T. International Co., Ltd.'s favor. In support, Defendants argue the Judgments entered in Plaintiff's favor resulted in an unjustified windfall to Plaintiff because Defendants contend the Chinese market value is the proper measure of damages on Plaintiff's unjust enrichment claim. Plaintiff filed a response in opposition (Doc. 231), and Defendants replied (Doc. 239). The

---

[1] Defendants initially filed their Rule 59(e) motion (Doc. 223) on March 3, 2023, prior to the Court's ruling regarding prejudgment interest and the Judgments being entered in Plaintiff's favor.

Court, having considered the motion and being fully advised in the premises, will deny Defendants' 59(e) Amended Motion to Vacate, Alter, or Amend Judgment.

## I.  BACKGROUND

In August 2019, Plaintiff T.T. International, Co., Ltd. (Plaintiff or T.T.) filed this action against Defendants seeking damages under alternative theories of liability for breach of contract, unjust enrichment, account stated, and open account. Plaintiff's Complaint seeks $74 million in damages for refrigerants, disposable cylinders and related products that Plaintiff, a Chinese export company, shipped from China to Defendants who accepted and received the products in the United States but did not pay Plaintiff for them. Doc. 1. Defendants answered Plaintiff's Complaint, denying the existence of any contract between the parties and disagreeing with the value of the products as alleged by Plaintiff. Docs. 16, 17, 18. After engaging in discovery, the parties filed cross motions for summary judgment. Docs. 100, 102. On March 31, 2022, the Court entered an order denying Defendants' Motion for Summary Judgment and granting the Plaintiff's Motion for Summary Judgment, in part. Doc. 153. Significantly, Defendants did not refute that they had received the goods and had not paid for them. Rather, Defendants refuted how much they owed for the goods. The Court determined that there was no dispute of material fact that Defendants owed Plaintiff at least $969,588 in damages, which were uncontested by Defendants. Additionally, the Court determined that Plaintiff was entitled to summary judgment in its favor on its unjust enrichment claims, to the extent the Court did not find at trial that there was an express contract between the parties.

On August 29, 2022, the case proceeded to trial on all remaining issues. After a five-day bench trial (Docs. 192, 200–204), the Court directed the parties to submit their proposed findings of fact and conclusions of law, which the parties did on September 12, 2022. Docs. 207, 208. On September 13, 2022, the Court heard closing arguments. Doc. 213.

On February 3, 2023, the Court entered an Opinion and Order finding no express contracts existed, and thus Plaintiff did not prevail on its breach of contract claims. Doc. 214. The Court found in favor of Plaintiff and against Defendants on Plaintiff's unjust enrichment claims. The Court determined that Plaintiff should recover $59,488,330.50 in damages against BMP USA and found that Plaintiff should recover $14,725,857.40 from BMP Int'l. *Id.* at 51. The Court awarded prejudgment interest on these principle amounts but directed the parties to submit additional briefing on the issue of prejudgment interest as the proposed prejudgment interest was not broken down by Defendant. After the parties filed supplemental briefs on the prejudgment interest issue (Docs. 216, 219, 222), the Court determined that, based on equitable grounds, prejudgment interest should be awarded from the date of Plaintiff's filing of its Complaint, which was, at the latest, a clear demand at that point for payment of the full amount owed. Doc. 224. Thereafter, Judgments were entered in favor of Plaintiff and against Defendants. Docs. 225, 226. Defendants now move, under Federal Rule of Civil Procedure 59(e), to vacate, alter, or amend the Court's Opinion and Order and the Judgments entered in Plaintiff's favor. Doc. 228.

...

## II. LEGAL STANDARD

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Anderson v. Fla. Dep't of Envtl. Prot.*, 567 F. App'x 679, 680 (11th Cir. 2014) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks omitted)). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. DeRochemont*, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *see Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd* 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## III. DISCUSSION

In their motion filed under Rule 59(e), Defendants move to vacate this Court's February 3, 2023 Opinion and Order and the March 6, 2023 Judgments because "Plaintiff failed to present legally sufficient evidence of its unjust enrichment damages"

4

and because "the Court's Order gives an unjustified windfall to the Plaintiff." Doc. 228 at 2. Defendants' motion argues neither newly discovered evidence, nor manifest errors of law or fact, and thus the motion is due to be denied.

In support of their motion, Defendants argue the Court should have credited the testimony of their expert Mr. Dong Daly Hu regarding the value of the goods. This is not a new argument; it was previously raised by Defendants and rejected by the Court. Specifically, the Court noted that Mr. Hu's testimony about the value of the goods and the business relationship of Defendants and T.T. was unreliable because his opinions were based on facts that were inconsistent with the testimony adduced at trial. Doc. 214 at 45–47. A rule 59(e) motion cannot be used to relitigate old matters. *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (denying Rule 59(e) motion where movant was merely disagreeing with the district court's treatment of certain facts and its legal conclusion). Defendants raise no newly discovered facts to support reconsideration of the prior order.

In its reply, Defendants raise for the first time that there was a manifest injustice that must be corrected due to the Court's commission of a clear error of law. Adding a new spin to its earlier argument, Defendants contend that delivery of the goods occurred in China, not the United States, and thus Defendant argues the Court used the incorrect measure of damages. As an initial matter, generally, arguments raised for the first time in a reply brief are deemed waived. But even assuming Defendants' motion intended to argue in the first instance that the Court's error constituted a manifest injustice, the motion nevertheless fails. The argument goes directly to matters

5

already considered and decided by the court, namely the value of the goods. In reaching its conclusion as to the value of the goods, the Court looked at the evidence before it, including Defendants' own sworn statements in the 7501 Forms as to the true value of the goods. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *Cohen v. Burlington, Inc.*, No. 18-cv-81420, 2020 WL 3256863, at *5 (S.D. Fla. June 16, 2020), *aff'd sub nom. Gulisano v. Burlington, Inc.*, 34 F.4th 935 (11th Cir. 2022) (citation omitted).

The record evidence regarding the value of the goods not only included the 7501 Forms in which Defendants' representative swore to U.S. Customs that the values listed were the "true value" of the goods, but also consisted of the fact that the stated values were never amended, updated or changed by Defendants; both Plaintiff's and Defendants' internal records were consistent with the values presented on the customs forms; and CPA expert Stanley Murphy's testimony that Defendants had already paid Plaintiff approximately $170 million for similar goods before disputing the remaining $73 million. Noticeably absent was any evidence regarding what Defendants ultimately did with the goods it retained.

Notwithstanding this evidence, Defendants now argue the Court should alter or amend the Judgments to assess damages based on the goods' Chinese market value as testified to by Defendants' expert. This rehashed argument is unavailing. Further, the Court agrees with Plaintiff that Defendants' reliance on caselaw using the wholesale

replacement as a measure of market value is misplaced. The 7501 Forms declared the goods' value, and there was no evidence before the Court that Defendants purchased the goods at a wholesale cost from the factory.

The decision to grant a motion for reconsideration is within the sound discretion of the trial court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The Court has reviewed its prior Opinion and Order (Doc. 214) and the filings before the Court in their entirety. The Court finds no "clear error or manifest injustice" in its ruling. A motion to alter or amend judgment is not the proper means for "rehashing arguments already rejected by the court or for refuting the court's prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996) (citation omitted). There is no basis to reconsider its prior rulings and the Court exercises its discretion to decline to do so.

**ORDERED**:

1. Defendants' 59(e) Amended Motion to Vacate, Alter, or Amend Judgment (Doc. 228) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 21, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any