## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

T.T. INTERNATIONAL CO., LTD,

      Plaintiff,

v.                                    Case No. 8:19-cv-02044-CEH-AEP

BMP INTERNATIONAL, INC.,
BMP USA, INC,

      Defendant.

_____/

## ORDER

This matter comes before the court upon Plaintiff's Motion to Compel Production of Documents Withheld on the Basis of Improper Claims of Attorney-Client Privilege (Doc. 331). In its Motion, Plaintiff maintains that Defendants have improperly claimed the attorney-client privilege over 32 documents for two reasons: 1) the communications were not made for the purpose of providing or receiving legal advice and 2) the documents were created in furtherance of fraud and thus subject to the crime-fraud exception. In Response, Defendants argue that: 1) communications between attorneys and their clients regarding business transactions are covered by the attorney-client privilege and 2) the alleged fraudulent transfers served a legitimate business purpose (Doc. 335). Upon Order of this Court, the 32 identified documents were submitted for review (Doc. 336). On November 6, 2024, an ex parte telephone conference was held with counsel for Defendants to provide further context. For the reasons stated herein, the Motion is DENIED.

## I.    Background

Plaintiff initiated this action against Defendants on August 16, 2019, following Defendants' acceptance and nonpayment for Plaintiff's shipped goods (Doc. 1). On March 6, 2023, following a bench trial, the Clerk entered judgment against Defendant BMP International, Inc. in the amount of $17,616,549.74 (Doc. 225) and Defendant BMP USA, Inc. in the amount of $71,165,915.64 (Doc. 226). On July 13, 2023, Plaintiff issued post-judgement discovery requests (Doc. 331, at 2). Plaintiff now takes issue with 32 documents identified on Defendants' privilege log as being withheld under the attorney-client privilege. The identified documents primarily consist of communications between Eric. W. Neilsen, outside counsel for Defendants, and Defendants' other representatives Xianbin Meng, Sue Sutherland, or Wendy Wang concerning: (1) the formation of iGas Holdings, (2) share exchange agreements, (3) loan documents, (4) inter-company transfers, or (5) corporate transactional documents.

## II.    Analysis

As this is a diversity action arising under state law, Florida law will govern the applicability of the attorney-client privilege to the withheld documents. Fed. R. Civ. P. 501.

### a.  Attorney-Client Privilege

Under Florida law, a lawyer's "confidential communications made in the rendition of legal services to the client" are protected from disclosure. *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994) (citing Fla. Stat. § 90.502).

2

This is known as the attorney-client privilege. Florida law recognizes that "where a lawyer is engaged to advise a person as to business matters as opposed to legal matters, or when he is employed to act simply as an agent to perform some non-legal activity for a client the authorities uniformly hold there is no privilege." *Skorman v. Hovnanian of Fla., Inc.*, 382 So. 2d 1376 (Fla. Dist. Ct. App. 1980). However, this does not mean a lawyer's assistance in a business transaction cannot constitute legal advice. "[D]epending on the circumstances, some functions undertaken by lawyers might constitute the rendering of legal services for the purposes of invoking the attorney-client privilege, even though such function could have been undertaken by a nonlawyer." *Dominguez v. Citizens Prop. Ins. Corp.*, 269 So. 3d 623 (Fla. Dist. Ct. App. 2019)

Here, Defendants maintain that the identified documents are covered under the attorney-client privilege as they are communications between Eric Neilsen, outside counsel for Defendants, and Defendant's representatives regarding "the creation of a new business entity, share exchange agreements, loans, inter-company transfers, and related corporate transactional documents." (Doc. 335, at 3).  In response, Plaintiff asserts that the communications were for business purposes, not the rendition of legal services, and thus are not covered under the attorney-client privilege (Doc. 331, at 8–9). In reviewing the documents and speaking with counsel for Defendants, the Court finds that they fall within the exception. Though the documents do discuss business transactions, it is within the context of providing legal advice to ensure that Defendants were in proper compliance with their auditors

and new EPA regulations. Thus, the attorney-client privilege would apply. *See Old Stone Bank v. Farris*, 647 So. 2d 916 (Fla. Dist. Ct. App. 1994) (finding that any correspondence between respondent and his attorney regarding a real estate transaction was protected under the attorney-client privilege).

### b. Crime-Fraud Exception

The attorney-client privilege is not absolute, however, and may be overcome by a showing that the privileged information was used to perpetuate fraud. This is known as the crime-fraud exception. To successfully invoke the crime-fraud privilege, the movant must first establish a prima facie case after which the opposing party is afforded the opportunity to rebut. *Am. Tobacco Co. v. State*, 697 So. 2d 1249, 1256 (Fla. Dist. Ct. App. 1997). A prima facie case is established through a showing of two things:

> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

*Drummond Co., Inc. v. Conrad & Scherer*, LLP, 885 F.3d 1324, 1335 (11th Cir. 2018) (quoting *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987)). Here, Plaintiff maintains that Defendants have sought to evade collection of the judgment against them through two fraudulent means: 1) using Mr. Neilsen to organize a new company, iGas Holdings, to prevent Plaintiff from accessing the EPA import allowances earned by Defendants 2) transferring all asserts and funds into iGas

USA, Inc., Cool Master LLC, and other related entities with the assistance of Eric Neilson. However, as a preliminary matter, the withheld documents do not discuss, contemplate, or otherwise evidence that any transfer of assets from Defendants to iGas Holdings was ever made. The communications instead advance legal advice between Mr. Nielsen and representatives for Defendants regarding a series of business transactions iGas Holdings was involved in. Moreover, in its Response, Defendants have identified that on February 28, 2018, over a year and a half before this litigation commenced, Plaintiff executed a joint venture contract which explicitly required all intangible and tangible assets including land, plants, vehicles, and equipment be transferred from the BMP Entities, which are defined as affiliates in the contract, to the joint venture company, iGas USA (Doc. 335 at 10). As part of the agreement, Defendants' principal and his affiliates were prevented from operating, managing, controlling, or participating in the target business or directly or indirectly competing with the target business – iGas USA, leading Defendants to cease their refrigerant business as of September 30, 2018 (Doc. 335-2, at 22). Finally, Defendants never had EPA HFC Import Allowances and would not have been automatically eligible to receive them (Doc. 335 at 2). Thus, in reviewing the filings, arguments of the parties, and withheld documents, the Court finds that privileged material does not implicate the crime-fraud exception, and even to the extent it could be construed as such, Defendants have articulated a sufficient rebuttal. Accordingly, it is so

ORDERED:

5

1. Plaintiff's Motion to Compel Production of Documents Withheld on the
   Basis of Improper Claims of Attorney-Client Privilege (Doc. 331) is
   DENIED.

   DONE AND ORDERED in Tampa, Florida, on this 22nd day of November
2024.

 

 

ANTHONY E. PORCELLI
United States Magistrate Judge

 

cc:  Counsel of Record